UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARLTON BROWN, # 362723,

                Petitioner,

v.                                          Case Number: 11-cv-10808
                                          Honorable Sean F. Cox

MITCH PERRY,

                Respondent,

_____/

**ORDER DENYING PETITIONER'S
MOTIONS FOR IMMEDIATE RELEASE AND TO VACATE JUDGMENT**

On February 28, 2011, Petitioner Carlton Brown, a state inmate currently incarcerated at the Newberry Correctional Facility in Newberry, Michigan, filed a *pro se* "Petition for Writ of Habeas Corpus" [dkt. # 1], challenging the constitutionality of his 2001 convictions for armed robbery, conspiracy, and felony firearm.  Pending before the Court are his Motions for immediate release and to vacate the state-court judgment, both filed on April 18, 2011.  For the reasons set forth below, the Motions are denied.

I.

Petitioner seeks immediate release from custody or release on bail pending disposition of his Habeas Petition.  Petitioner's argument in favor of release on bail relies upon Federal Rule of Appellate Procedure 23(c), which provides:

> While a decision ordering the release of a prisoner is under review, the prisoner must–unless the court or judge rendering the decision, or the court of appeals, or the Supreme Court, or a judge or justice of either court orders otherwise–be released on personal recognizance, with or without surety.

The United States Supreme Court has held that this rule "undoubtedly creates a presumption of release from custody in such cases." *Hilton v. Braunskill*, 481 U.S. 770, 774 (1987). Rule 23(c) addresses situations where a party appeals a district court's decision granting habeas relief and ordering a petitioner's release. This Court has not granted habeas relief in this case. Therefore, Rule 23(c) is inapplicable to Petitioner's case.

To receive bond pending a decision on the merits of a Habeas Petition, a petitioner must show a substantial claim of law based on the facts surrounding the Petition and the existence of "some circumstance making the [motion for bail] exceptional and deserving of special treatment in the interests of justice." *Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990) (citing *Aronson v. May*, 85 S.Ct. 3, 5 (1964)). "There will be few occasions where a prisoner will meet this standard." *Dotson*, 900 F.2d at 79. Because a habeas petitioner "is appealing a presumptively valid state conviction . . . it will indeed be the very unusual case where a habeas petitioner is admitted to bail prior to a decision on the merits in the habeas case." *Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993).

In this case, Petitioner's claims are insufficiently persuasive to establish the existence of any extraordinary and exceptional circumstances which merit immediate release on bond.

Moreover, Respondent's Response and the Rule 5 materials are not due to be filed with the Court until October 3, 2011. It is therefore premature for the Court to order the immediate release of Petitioner without having had the opportunity to fully review the record. Accordingly, the Court denies Petitioner's request for his immediate release from custody.

2

II.

Petitioner also moves this Court to issue an order to vacate his state conviction and sentence, essentially seeking summary judgment on his pleadings.  Federal Rule of Civil Procedure 56(a) provides that summary judgment is proper: "[i]f the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Because Respondent has not yet filed an Answer to the Habeas Petition, the Court cannot conclude that there is no genuine issue of material fact or that Petitioner is entitled to judgment as a matter of law.  Additionally, Rule 60(b)(4) cannot be invoked in this case because the Court has yet to rule in Petitioner's case.  The Court therefore denies Petitioner's Motion to vacate the judgment.

III.

Accordingly, **IT IS ORDERED** that Petitioner's "Motion for Immediate Release" [dkt. # 10] is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's "Motion to Vacate Void Judgment" [dkt. # 12] also is **DENIED**.  The Court will review Petitioner's arguments when ruling on the merits of his Habeas Petition.

Dated:  May 25, 2011                                    S/ Sean F. Cox_____
                                                        Sean F. Cox
                                                        U. S. District Court Judge

I hereby certify that on May 25, 2011, the foregoing document was served upon counsel of record by electronic means and upon Carlton Brown by First Class Mail at the address below:

3

Carlton Brown
#362723
Newberry Correctional Facility
3001 Newberry Avenue
Newberry, MI 49868


Dated:  May 25, 2011                              S/ Jennifer Hernandez_____

                                                  Case Manager