UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARLTON LAMONT BROWN,

       Petitioner,

v.                                             Case Number: 2:11-cv-10808
                                               Honorable Sean F. Cox

MITCH PERRY,

       Respondent.
_____/

**MEMORANDUM AND ORDER GRANTING MOTION FOR SUMMARY JUDGMENT AND DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, DENYING AN APPLICATION FOR LEAVE TO PROCEED ON APPEAL *IN FORMA PAUPERIS*, AND DENYING MOTION TO VACATE AS MOOT**

**I. INTRODUCTION**

       This is a habeas case filed by a Michigan state prisoner under 28 U.S.C. § 2254. Petitioner Carlton Lamont Brown is currently incarcerated by the Michigan Department of Corrections at the Newberry Correctional Facility in Newberry, Michigan. On February 28, 2011, he filed this Habeas Petition, challenging the constitutionality of his 2001 jury convictions for armed robbery, conspiracy to commit armed robbery, and felony firearm. Petitioner's convictions occurred in the Macomb County Circuit Court. He was sentenced to concurrent prison terms of eleven to twenty years for the armed-robbery and conspiracy convictions, to be served following a two-year prison term for the felony-firearm conviction. Petitioner's Habeas Petition is somewhat incoherent and rambling. It appears to the Court that he is challenging his convictions on the grounds that the trial court lacked personal and subject-matter jurisdiction and that his due process rights were violated by the police officers' fraud, deceit, and misrepresentation.

       In lieu of filing an Answer to the Petition, on October 3, 2011, Respondent filed a Motion

for Summary Judgment, arguing that the Habeas Petition was filed outside the statue of limitations period. On October 13, 2011, Petitioner filed a Motion to Vacate, arguing that he should be released from prison because Respondent failed to adequately respond to his Habeas Petition. Petitioner did not file a Response Brief to Respondent's Motion for Summary Judgment.

The Court finds that the claims in the Petition were filed out of time and that Petitioner has not provided grounds for tolling the statute of limitations. Therefore, the Court will grant Respondent's Motion for Summary Judgment and the Petition will be dismissed with prejudice. Given that decision, Petitioner's Motion to Vacate will be denied as moot.

## II. BACKGROUND

Petitioner's convictions arise because of an armed robbery that occurred at a Burger King restaurant in Warren, Michigan. Petitioner was tried along with co-defendant Kenshawn Siebert. On March 9, 2001, the jury found Petitioner guilty. He was sentenced, on April 9, 2001, to the prison terms described above. His convictions were affirmed by the Michigan Court of Appeals. *People v. Kenshawn Siebert & Carlton Lamont Brown*, Nos. 233959, 233960, 2003 WL 21108464 (Mich.Ct.App. May 15, 2003). Petitioner never filed an Application for Leave to Appeal that decision with the Michigan Supreme Court. Although Petitioner alleges in his Habeas Petition that he filed a Motion for Relief from Judgment with the state trial court, there is no record indicating such. There also is no record that he filed a Petition for Writ of Certiorari with the United States Supreme Court.

Rather, according to the Michigan Court of Appeals's website, Petitioner filed a Complaint for Habeas Corpus with the Court of Appeals on February 1, 2010. The Court of Appeals denied the Complaint on May 6, 2010. *Brown v. Dep't of Corr.*, No. 296305 (Mich.Ct.App. May 6, 2010).

His Application for Leave to Appeal that decision, filed with the Michigan Supreme Court, was denied on October 26, 2010. *Brown v. Dep't of Corr.*, 488 Mich. 911, 789 N.W.2d 477 (2010). His Motion for Reconsideration was denied on February 7, 2011. *Brown v. Dep't of Corr.*, 488 Mich. 1042, 793 N.W.2d 430 (2011). Petitioner has attached those orders to his Habeas Petition.

Petitioner filed the present Petition for Writ of Habeas Corpus in this Court on February 28, 2011, signed and dated February 17, 2011.

### III. DISCUSSION

#### A. Standard for Summary Judgment

Pursuant to Federal Rule of Civil Procedure 56, summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

The movant has the initial burden of showing "the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant meets that burden, the non-moving party must present evidence demonstrating that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). To demonstrate a genuine issue, the non-moving party must present sufficient evidence upon which a jury could reasonably find for that party; a "scintilla of evidence" is insufficient. *See Liberty Lobby*, 477 U.S. at 252. The Court must accept as true the non-movant's evidence and draw "all justifiable

3

inferences" in the non-movant's favor. *See id.* at 255.

Rule 56 applies to habeas proceedings. *See* Rule 12 of the Rules Governing § 2254 Cases; *see also Brandt v. Gooding*, 636 F.3d 124, 132 (4th Cir. 2011) (citing *Maynard v. Dixon*, 943 F.2d 407, 412 (4th Cir. 1991)); *Harris v. Stegall*, 157 F.Supp.2d 743, 746 (E.D. Mich. June 14, 2001) (citing *Sanders v. Freeman*, 221 F.3d 846, 851 (6th Cir. 2000), *cert. denied*, 531 U.S. 1014 (2000)).

### B. Statute of Limitations Analysis

The Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 ("AEDPA" or "the Act") applies to all habeas petitions filed after the Act's effective date, April 24, 1996. *See Allen v. Yukins*, 366 F.3d 396, 399 (6th Cir. 2004) (citing *Lindh v. Murphy*, 521 U.S. 320, 336 (1997)). The Act imposes a one-year limitations period for habeas petitions.

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was originally recognized by the Supreme Court if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d); *see also Wall v. Kholi*, --- U.S. ---, ---, 131 S.Ct. 1278, 1283 (2011) (citing 28 U.S.C. § 2244(d)(1)).

The one-year statute of limitations does not begin to run until the day after the petition for a writ of certiorari was due in the United States Supreme Court. *Bronaugh v. Ohio*, 235 F.3d 280, 283-84 (6th Cir. 2000). Under Rule 13 of the Supreme Court Rules, a petition for a writ of certiorari "is timely when it is filed with the Clerk of this Court within 90 days after entry of judgment." SUP.CT.R. 13. The statute of limitations may be tolled statutorily by a properly filed motion for post-conviction relief, or equitably by the Court, under limited circumstances.

Under § 2244(d)(2), the time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending tolls any period of limitation contained in the statute. A post-conviction relief petition is "properly filed" under the statute if it meets the applicable state rules governing filing. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). Tolling is effective only when collateral review is properly sought within the limitations period. *Id.* The limitations period also is tolled during the time period between the state appellate court's decision and the state supreme court's decision concerning the petition. *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002); *Matthews v. Abramajtys*, 319 F.3d 780, 787-88 (6th Cir. 2003).

A properly filed application for state post-conviction relief, while tolling the statute of limitations, does not start a new limitations period. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003). The United States Supreme Court has held that, after completion of state court collateral review, the limitations period is not tolled during the pendency of a certiorari petition in the United States Supreme Court seeking review of the denial of state post-conviction relief. *Lawrence v. Florida*, 549 U.S. 327, 329 (2007).

A habeas petition filed outside the time period prescribed must be dismissed. *See Isham v. Randle*, 226 F.3d 691, 694-95 (6th Cir. 2000), *overruled on other grounds*, *Abela v. Martin*, 348 F.3d 164, 172-73 (6th Cir. 2003) (dismissing a habeas case filed thirteen days after the limitations period expired as untimely); *Neal v. Bock*, 137 F.Supp.2d 879, 885 (E.D. Mich. 2001) (dismissing a habeas petition filed over one month after the limitations period had expired as untimely).

### 1. Petitioner's Habeas Petition is Untimely

In this case, Petitioner did not file his Habeas Petition within the statute of limitations period. Here, the Michigan Court of Appeals denied his Direct Appeal on May 15, 2003. There is no record that Petitioner filed an Application for Leave to Appeal that decision with the Michigan Supreme Court. Under Mich.Ct.R. 7.302(C)(2), Petitioner would have had fifty-six days to file that Application. *Rice v. Trippett*, 63 F.Supp.2d 784, 787 (E.D. Mich. 1999). Because he did not file a timely Application for Leave to Appeal with the Michigan Supreme Court, his convictions became final, for purposes of § 2244(d)(1)(A), on July 10, 2003, when the time for seeking leave to appeal with the Supreme Court expired. *Brown v. McKee*, 232 F.Supp.2d 761, 765 (E.D. Mich. 2002) (citing *Erwin v. Elo*, 130 F.Supp.2d 887, 889 (E.D. Mich. 2001)).[1] The statue of limitations began to run the next day, on July 11, 2003. Petitioner then had until July 11, 2004 in which to file his Habeas Petition. He did not. Petitioner's Habeas Petition thus is untimely unless he can establish

---

[1] Normally, the one year statute of limitations does not begin to run until the ninety-day time period for filing a Petition for Writ of Certiorari in the United States Supreme Court has expired. *See Bronaugh*, 235 F.3d at 283. In this case, however, Petitioner is not entitled to have the ninety-day time period for seeking a Writ of Certiorari added to the calculation of the limitations period, because his failure to file a timely Application for Leave to Appeal to the Michigan Supreme Court divested the United States Supreme Court of jurisdiction to grant a Writ of Certiorari. *See Eisermann v. Penarosa*, 33 F.Supp.2d 1269, 1272-73 n. 5 (D. Haw. 1999) (citing to *Flynt v. Ohio*, 451 U.S. 619 (1981); *Street v. New York*, 394 U.S. 576 (1969)).

that he is entitled to equitable tolling.

## 2. Petitioner Not Entitled to Equitable Tolling

The United States Supreme Court has confirmed that the one-year statute of limitations is not a jurisdictional bar and is subject to equitable tolling. *Holland v. Florida*, --- U.S. ---, 130 S.Ct. 2549, 2562 (2010). The Supreme Court held that a habeas petitioner is entitled to equitable tolling "only if he [or she] shows '(1) that he [or she] has been pursuing his [or her] rights diligently, and (2) that some extraordinary circumstance stood in his [or her] way' and prevented timely filing." *Id.* at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (emphasis deleted)). "The petitioner has the burden of demonstrating that he [or she] is entitled to equitable tolling." *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (quoting *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003) (quoting *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002)).

When deciding whether equitable tolling should apply, courts in this Circuit evaluate the following factors: (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim. *Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988) (citations omitted). These five factors are neither comprehensive nor is each of the five factors relevant in all cases. Instead, courts must consider equitable tolling on a case-by-case basis. *Allen*, 366 F.3d at 401 (citation omitted).

According to Petitioner's pleadings, he alleges that he filed a Motion for Relief from Judgment with the state trial court. However, there is not record of such a filing. Furthermore,

Petitioner's Complaint for Writ of Habeas Corpus, filed in the Macomb County Circuit Court on February 1, 2010, does not toll the limitations period, nor would it because it was filed six years after the limitations period expired. Moreover, state habeas petitions do not toll the limitations period pursuant to the provisions of 28 U.S.C. § 2244(d)(2). *Jackson v. Curtis*, 2005 U.S. Dist. LEXIS 29254, *10 (E.D. Mich. Nov. 23, 2005) (citing *Seaton v. Kentucky*, 92 F.App'x 174, 175 (6th Cir. 2004)); *see also Northrop v. Wolfenbarger*, No. 2: 06-CV-13081, 2008 WL 564941, at *2 (E.D. Mich. Feb. 28, 2008) (same); *Javens v. Caruso*, No. 07-CV-10175, 2007 WL 2516827, at *2 (E.D. Mich. Aug. 31, 2007) (same).

At the time Petitioner filed his Habeas Petition, more than six years had passed since the statute of limitations had expired. The Court concludes that Petitioner has failed to demonstrate that he is entitled to equitable tolling.

Finally, the Court must decide whether equitable tolling should apply to Petitioner's case on the ground of actual innocence. The applicability of equitable tolling on the ground of actual innocence has not yet been decided by the Supreme Court but has been recognized by the Sixth Circuit. *Souter v. Jones*, 395 F.3d 577, 599 (6th Cir. 2005).

As explained in *Souter*, to support a claim of actual innocence, a petitioner in a collateral proceeding "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)). A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence–that was not presented at trial." *Schlup*, 513 U.S. at 324. Actual innocence means "factual

8

innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623.

Petitioner has made no such showing. Therefore, he is not entitled to equitable tolling of the one-year limitations period on the basis of actual innocence.

Having failed to establish entitlement to either statutory or equitable tolling, Petitioner's Habeas Petition is dismissed as untimely.

## C. Certificate of Appealability

The Court also will decline to issue a Certificate of Appealability (COA) to Petitioner. In order to obtain a COA, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "The district court must issue or deny a [COA] when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a).

When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a COA should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id.*

The Court declines to issue Petitioner a COA; reasonable jurists would not find it debatable whether this Court was correct in determining that he had filed his Habeas Petition outside of the

9

one-year limitations period. *See Grayson v. Grayson*, 185 F.Supp .2d 747, 753 (E.D. Mich. 2002). Nor should Petitioner be granted an Application for Leave to Proceed On Appeal *In Forma Pauperis*, because any appeal would be frivolous. *See* Fed.R.App.P. 24(a).

### IV. CONCLUSION

For the reasons stated, the Court concludes that Petitioner Brown failed to file his Habeas Petition within the statue of limitations period.

Accordingly, the Court: (1) **GRANTS** Respondent Perry's Motion for Summary Judgment [Dkt. # 16]; (2) **DENIES** Petitioner Brown's "Petition for Writ of Habeas Corpus" [Dkt. # 1]; (3) **DECLINES** to issue Petitioner Brown a COA and **DENIES** him an Application for Leave to Proceed On Appeal *In Forma Pauperis*; and (4) **DENIES** Petitioner Brown's "Motion to Vacate " [dkt. # 18] as moot.

Dated: November 21, 2011                S/ Sean F. Cox
                                        Sean F. Cox
                                        U. S. District Court Judge


I hereby certify that on November 21, 2011, the foregoing document was served upon counsel of record by electronic means and upon Carlton Brown by First Class Mail at the address below:

Carlton Brown  #362723
Newberry Correctional Facility
3001 Newberry Avenue
Newberry, MI 49868

Dated: November 21, 2011                S/ J. Hernandez
                                        Case Manager