UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARLTON LAMONT BROWN,

      Petitioner,

v.                                                  Case Number: 2:11-cv-10808
                                                   Honorable Sean F. Cox

MITCH PERRY,

      Respondent.
_____/

### ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION

This is a habeas case filed by a state prisoner under 28 U.S.C. § 2254. On November 21, 2011, the Court granted Respondent's Motion for Summary Judgment, thereby dismissing Petitioner's Habeas Petition. *Brown v. Perry*, No. 2:11-cv-10808, 2011 WL 5838677 (E.D. Mich. Nov. 21, 2011). Pending before the Court is Petitioner's Motion for Reconsideration regarding that decision, filed December 12, 2011, signed and dated December 9, 2011. For the reasons that follow, the Court will deny the Motion.

First, the Court finds that Petitioner's Motion is untimely. A motion for reconsideration must be filed within fourteen days after entry of the Court's judgment or order. *See* E.D. Mich. 7.1(h)(1). The Court's Order was entered on November 21, 2011. Because Petitioner only had fourteen days in which to file his Motion for Reconsideration, he was required to file the Motion on or before December 5, 2011. Petitioner signed and dated his Motion on December 9, 2011. Thus, his Motion is untimely.

Second, however, even if the Court were to consider Petitioner's Motion timely, the Motion would still be denied. Pursuant to this Court's Local Rule 7.1(h)(3) "the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by

the court, either expressly or by reasonable implication." A motion for reconsideration is only proper if the movant shows that the court and the parties were misled by a "palpable defect." E.D. Mich. L.R. 7.1(h)(3). A "palpable defect" is a "defect which is obvious, clear, unmistakable, manifest, or plain." *Olson v. The Home Depot*, 321 F.Supp.2d 872, 874 (E.D. Mich. 2004). The movant must also demonstrate that the disposition of the case would be different if the palpable defect were cured. E.D. Mich. L.R. 7.1(h)(3); *see also Hence v. Smith*, 49 F.Supp.2d 547, 550 (E.D. Mich. 1999) (same).

In its Opinion and Order, the Court found that Petitioner's Habeas Petition was filed outside the statute of limitations period for the following reasons. Petitioner's direct appeals became final on July 10, 2003. Therefore, he had from July 11, 2003 until July 11, 2004, in which to filed his Habeas Petition. He did not. Thus, the Court found that Petitioner's Habeas Petition was untimely unless he could establish that he was entitled to equitable tolling.

According to Petitioner's Habeas Petition, he asserted that he filed a Motion for Relief from Judgment with the state trial court, but Respondent argued that there was no record of such a filing. The Court stated such in its Opinion and Order and found that Petitioner was not entitled to equitable tolling. Now, in his Motion for Reconsideration, Petitioner has submitted documentation that indeed he did file such a Motion. The Court stands corrected.

Nonetheless, the Court finds that the filing of Petitioner's Post-Conviction Motion does not toll the statute of limitations period for filing his Habeas Petition. Petitioner did not file his Post-Conviction Motion with the state trial court until August 23, 2006, two years after the limitations period expired. In order for equitable tolling to apply, Petitioner would have had to file his Post-Conviction Motion before July 11, 2004. The filing of his Post-Conviction Motion

did not toll the statute of limitations period. Thus, Petitioner is not entitled to equitable tolling.

Therefore, even if the Court had taken into account the filing of Petitioner's Post-Conviction, the disposition of Petitioner's case would not differ. Petitioner has not met his burden. He cannot establish that the cured defect would change this Court's disposition of the case, as required by E.D. Mich. L.R. 7.1(h)(3).

Accordingly, the Court denies Petitioner's "Motion for Reconsideration" [Doc. # 21].

IT IS SO ORDERED.


Dated: February 21, 2012          s/ Sean F. Cox
                                  Sean F. Cox
                                  U. S. District Court Judge


I hereby certify that on February 21, 2012, the foregoing document was served upon counsel of record by electronic means and upon Carlton Brown by First Class Mail at the address below:

Carlton Brown
362723
Pugsley Correctional Facility
7401 East Walton Road
Kingsley, MI 49649


Dated: February 21, 2012          s/ J. Hernandez
                                  Case Manager

3