UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARLTON LAMONT BROWN,

       Petitioner,

v.                                                    Civil Action Number: 2:11-cv-10808
                                                    Honorable Sean F. Cox

MITCH PERRY,

       Respondent.
_____/

**<u>ORDER DENYING PETITIONER'S SECOND MOTION FOR RECONSIDERATION</u>**

This is a habeas case filed by a state prisoner under 28 U.S.C. § 2254. On February 28, 2011, Petitioner Carlton Lamont Brown filed this Habeas Petition, challenging the constitutionality of his 2001 jury convictions for armed robbery, conspiracy to commit armed robbery, and felony firearm. Petitioner's convictions occurred in the Macomb County Circuit Court. He is presently incarcerated by the Michigan Department of Corrections at the Pugsley Correctional Facility in Kingsley, Michigan, serving concurrent prison terms of eleven to twenty years for those convictions.

On October 3, 2011, Respondent filed a Motion for Summary Judgment, alleging that the Petition should be dismissed because it was not filed within the applicable statute of limitations under 28 U.S.C. § 2244. On November 21, 2011, the Court granted Respondent's Motion for Summary Judgment, thereby dismissing Petitioner's Habeas Petition. *Brown v. Perry*, No. 2:11-cv-10808, 2011 WL 5838677 (E.D. Mich. Nov. 21, 2011). The Court found that the claims in the Petition were filed out of time and that Petitioner did not provide grounds for tolling the statute of limitations.

Pending before the Court is Petitioner's Second Motion for Reconsideration regarding that decision, filed March 12, 2012, signed and dated March 7, 2012.  For the reasons that follow, the Court will deny the Motion.

I.

Petitioner filed his First Motion for Reconsideration on December 12, 2011, signed and dated December 9, 2011.  The Court found that the Motion was filed untimely under Local Rule 7.1(h)(1), because it was filed after the fourteen-day period.  *See* E.D. Mich. 7.1(h)(1) (a motion for reconsideration must be filled within fourteen days after entry of the Court's judgment or order).  The Court's Order, granting Respondent's Motion for Summary Judgment, was entered on November 21, 2011.  As a result, the Court found that Petitioner was required to file his Motion on or before December 5, 2011.  Thus, because Petitioner's Motion was signed and dated on December 9, 2011, the Court found that his Motion was untimely.  *See Houston v. Lack*, 487 U.S. 266 (1988) (*pro se* prisoners' notices of appeal in federal court are considered filed when given to prison officials for mailing); *Feenin v. Myers*, 110 F. App'x 669, 671 (6th Cir. 2004) (federal habeas petition is deemed filed when prisoner gives petition to prison officials for mailing).

However, in its Order, the Court found that, even if it were to consider Petitioner's Motion timely, the Motion would still be denied, because the Court did not err in its decision.  Petitioner failed to file his Habeas Petition within the statute of limitations period, by July 11, 2004.  Petitioner's direct appeals became final on July 10, 2003.  Therefore, he had from July 11, 2003 until July 11, 2004, in which to filed his Habeas Petition.  He did not.  Thus, the Court found that its ruling, that Petitioner's Habeas Petition was untimely, was not in error.  E.D. Mich.

L.R. 7.1(h)(3) (a motion for reconsideration is only proper if the movant shows that the court and the parties were misled by a palpable defect).

However, the Court did find that it erred in finding that Petitioner did not file a Motion for Relief from Judgment with the state trial court. Petitioner submitted documentation with his First Motion for Reconsideration to support his position that he did in fact file such a Motion. Nevertheless, the Court found that the filing of that Post-Conviction Motion did not toll the limitations period, because he did not file the Motion until August 23, 2006, two years after the limitations period expired. In order for equitable tolling to apply, the Court noted that Petitioner would have had to file his Post-Conviction Motion before July 11, 2004. He did not. Thus, the filing of his Post-Conviction Motion did not toll the limitations period and he was not entitled to equitable tolling. Therefore, the Court found that curing this defect would not change its disposition of the case, as required by Local Rule 7.1(h)(3).

In this pending Motion, Petitioner argues that the Court erred in denying his First Motion for Reconsideration finding that it was untimely. He has submitted documentation in support of his position and requests that the Court expand the Local Rule in considering his Motion as timely filed. Petitioner argues that he did not receive the Court's Opinion and Order granting Respondent's Motion for Summary Judgment in a timely fashion because of the Thanksgiving holiday. Considering Petitioner argument and giving him the benefit of those extra days, however, the Court, nevertheless adheres to its position. The Court's November 21, 2011, decision also addressed Petitioner's Motion as if it were timely and, the Court still concluded that it did not err in granting Respondent's Motion for Summary Judgment. The Court concludes that it did not err in its decision.

II.

Accordingly, the Court denies Petitioner's "Second Motion for Reconsideration" [Doc. # 25].

IT IS SO ORDERED.

                                                  s/Sean F. Cox  
                                                  Sean F. Cox  
                                                  United States District Judge

Dated: April 11, 2012

I hereby certify that on April 11, 2012, a copy of the foregoing document was served upon counsel of record by electronic means and by First Class Mail upon:

Carlton Brown #362723  
Pugsley Correctional Facility  
7401 East Walton Road  
Kingsley, MI 49649

                                                  s/ Jennifer Hernandez  
                                                  Case Manager